**FILED**
11:45 am Feb 14 2024
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **DAVID SMITH,** | ) | **CASE NO. 1:23 CV 2154** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **D. REDWOOD,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

### BACKGROUND

*Pro se* plaintiff David Smith, a prisoner incarcerated in the Mansfield Correctional Institution, has filed an *in forma pauperis* civil rights complaint seeking damages and an order removing prison discipline from his prison record. He sues OCM (Operations Compliance Manager) D. Redwood; Rules Infraction Board Lieutenant J. Byner; Warden Jennifer Black, and Investigator D. Deskins. (Doc. No. 1.)

Plaintiff alleges that in 2023, while he was incarcerated in the Lorain Correctional Institution, he was wrongly accused, written up, and found guilty of sexual assault of another inmate that "never occurred." (*Id*. at 5, ¶ IV(D).) He indicates that the matter was investigated by Defendants Redwood and Deskins, and that on May 2023, there was a hearing before the Rules Infraction Board ("RIB"), after which he found guilty of the misconduct and sanctioned with an increase in his security level classification. (*Id*. at 12-13.) He also alleges that he was sent to segregation and that property was taken from him after the accusation was made. He states he was

told that Defendant "Redwood's conduct report, video footage and [his] pleading not guilty" were the basis for the RIB's determination. (*Id.* at 13-14.)

Plaintiff contends the conduct report against him "was written with no factual basis whatsoever"; that he has reason to believe Defendant "Redwood gave false information about him to the Warden and Defendant Byner in order to find him guilty"; that he was denied the opportunity to interview witnesses and to obtain and present evidence at his hearing; and that a number of prison officials told him they did not believe the charges against him were justified. (*Id.* at 13.)

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the following reasons, his complaint is dismissed.

### STANDARD OF REVIEW AND DISCUSSION

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), district courts are required, pursuant to 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals under 28 U.S.C. § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's complaint must be dismissed for failure to state a plausible claim.

Federal courts have very limited ability to review prison discipline.  Federal courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt.  *See Superintendent, Massachusetts Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 455 (1985).

And "[p]risoners have narrower liberty interests than other citizens as lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights."  *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008), quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks omitted).  With respect to prison discipline, a prisoner can claim a constitutionally-protected liberty interest triggering constitutional due process protection only where the actions of prison officials "affect the duration," *i.e.*, extend, the term of the prisoner's sentence, *Sandin*, 515 U.S. at 487; or, where the restraints imposed amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Plaintiff has not alleged that he was sanctioned with the loss of good time credits or discipline that extended the term of his sentence.  Nor has he alleged discipline that amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  He indicates he was placed in administrative segregation and that he was sanctioned with an increase in his security classification after the RIB found him guilty of misconduct.

The Sixth Circuit has consistently held that a prisoner's placement in disciplinary confinement and increased security classification status as Plaintiff alleges do not trigger constitutional due process protection.  *See Joseph v. Curtin*, 410 F. App'x 865 (6th Cir. 2010)*; Ford v. Harvey*, 106 F. App'x 397 (6th Cir. 2004); *Workman v. Wilkinson*, 23 F. App'x 439 (6th Cir.

2001); *Clegg v. Bell*, 3 F. App'x 398, 399 (6th Cir. 2001).

Further, Plaintiff has not stated a plausible due process claim to the extent he complains of loss of personal property because he has not shown that state remedies are inadequate to remedy such loss. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (where adequate remedies are provided by state law, the negligent or intentional loss or destruction of a prisoner's personal property does not state a claim cognizable under the Due Process Clause); *Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir.1995).

Although Plaintiff contends he was wrongly accused and found guilty of an infraction by the RIB and that property was taken from him, he has not alleged a liberty or property interest as to which constitutional due process protections apply.

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          2/14/2024
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE